Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is aggravated assault; the punishment, a fine of $500.

This is a conviction for that form of aggravated assault denounced by article 1149, P.C., which in substance makes the driver or operator of a motor vehicle on a public highway guilty of aggravated assault if he shall "wilfully, or with negligence, as is defined in this title in the chapter on negligent homicide, collide with or cause injury less than death to any other person."

The complaint and information charge the assault to have been made on Arlene Bistrow. She did not testify. Mrs. Bistrow testified that immediately after the accident she picked up "her little girl" and took her to the hospital. She testified further that "her little girl's leg was broken." No witness testified that the injured party's name was Arlene Bistrow, as alleged in the complaint and information. Throughout the testimony the child who was injured in the accident was merely referred to as the little girl. The failure to prove that the assault was made on Arlene Bistrow, as alleged, necessitates a reversal of the judgment. See Stewart v. State, 31 Tex.Cr.R. 153, 19 S.W. 908.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

## CLEM v. STATE.

### No. 18487.

Court of Criminal Appeals of Texas

*Oct. 14, 1936.*

Currie McCutcheon, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for driving an automobile upon a public highway while intoxicated; punishment, imprisonment in the county jail for 30 days and a fine of $100.

We find accompanying the record in this case an affidavit in due form bringing before us the fact of the death of this appellant. In such case the appeal should be abated and dismissed, and it is accordingly so ordered.